HARPER v. MADREN AND MARSHALL.

1. Instructions: DUPLICATE. The Supreme Court will not disturb a judgment because the court on the trial refused to give instructions asked by the appellant when the same instructions were substantially given in the charge of the court.

*Appeal from Dallas District Court.*

TUESDAY, DECEMBER 11.

THE petition claims that in August and September, 1863, plaintiff undertook to keep and feed one hundred and seventy-six head of cattle for said defendants until the then next May, at and for a stipulated price or sum, in their said agreements set forth and contained; that the cattle were furnished; that they were fed until about the 10th of December, when it was agreed that they were to be delivered to defendants, and they were to pay him for the grain, &c., fed to said cattle, and for his time trouble and expenses in attending to the same. It is further averred that the cattle were delivered to defendants, and that defendants are indebted to plaintiff on this last contract in about the sum of $1,544.

Defendants admit the contracts as stated by plaintiff, made in August and September, but deny, in the terms stated, that made in December.

It is admitted that they got the cattle, but the claim is that the cattle were being improperly cared for; that they, for this reason, demanded them, as they had a right to do under the contracts, and agreed to settle for the keeping at some future day.

Defendants also plead a set-off for money paid, damages for not taking proper care of the cattle, &c., amounting to $2,800. Trial and verdict for plaintiff in the sum of $6.74.

Motion by plaintiff for a new trial overruled, and he appeals.

*Phillips & Phillips* for the appellant.

*J. M. Dorr* for the appellees.

WRIGHT, J.—Appellant insists: First, that the contract of December 10 was a complete accord and satisfaction of the contracts by which he held the stock, and that no right of action remained thereon to either party. Second, that the performance of the original contract was prevented by defendants, and they can therefore take nothing under the same. Third, that the court misdirected the jury, and the verdict was against the weight of evidence.

*1. INSTRUC-TION: dupli-cate.*

An examination of the record satisfies us that the parties differed more as to the facts than the law ; that the entire controversy hinged or turned upon the exact terms or nature of the contract made in December, 1863, when the cattle were delivered to defendant.

For while all the instructions asked by plaintiff were refused, those given by the court covered precisely and fully the same ground, and were in entire accord with the legal positions assumed and contended for by him. That is to say, the jury were told repeatedly that if they found the contract as claimed by plaintiff, then they would have nothing to do with the question of damages for improper care of the cattle ; but would allow either what the grain, time, trouble, &c., were worth, or what he actually, reasonably and necessarily expended in and about the care and feed of said cattle.

More than this, plaintiff could not ask. So that, after all, he has no just ground of complaint against the instructions, for they most clearly adopted his theory, and put the whole matter to the jury as one of fact, to deter-

mine whether the plaintiff's or defendants' version of the contract was the true one.

This being so, it only remains to inquire whether the testimony warranted the verdict. The parties and witnesses present at the time, differ widely as to what this contract was. The testimony preponderates but little, if any, either way. We give to plaintiff every allowable advantage when we say that his version is at least as well sustained as the opposite one.

And this is about all that can be said when there is decided conflict and no conceded circumstance turning the scale in favor of the party alleging error in the finding.

The thought that the jury must have found the contract as claimed by plaintiff, else they would have found against him entirely, is answered sufficiently by the suggestion that in the mass of testimony as to the value of the corn, &c., fed, and of the services rendered, as also as to the amounts paid by defendants, they might have found as they did.

Then, again, he let defendants have some hogs, and for these, deducting payments, he may have recovered.

But, however this may be, it is sufficient to say that the law was well and clearly stated. The case was one of fact, depending upon the construction to be given to a large amount of testimony, as well as the credit due to a great number of witnesses, and under the repeated adjudication of this court we cannot disturb the verdict.

Affirmed.